UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBBIE WILLISON, MATTHEW FLEEGER
and STEPHEN KERR,

               Plaintiffs,

v.                                    Case No.  5:11-cv-394-Oc-32TBS

WACHOVIA BANK and BANK OF AMERICA,

               Defendants.

_____/

ORDER

      Pending before the Court is plaintiffs' Amended Motion by Motion for Continuance of Time in Which to Respond to Interrogatories and Production Requests Served by Wachovia Bank and to Postpone Depositions [sic] (Doc. No. 22) and Wachovia Bank, N.A.'s Response to Plaintiff's Amended Motion for Continuance of Time in Which to Respond to Interrogatories and Production Requests Served by Wachovia Bank and to Postpone Depositions (Doc. 23).

      Defendant, Wachovia Bank, N.A., served interrogatories and requests for production on each plaintiff in December, 2011.[1]  Plaintiffs' responses were due in January, 2012.  Also in December, 2011, after clearing the dates with counsel for plaintiffs, Wachovia noticed all of the plaintiffs for deposition in February, 2012.  Plaintiffs failed to respond to the interrogatories and requests for production and in

_____

[1]All statements of fact in this Order are taken from Wachovia Bank, N.A.'s Response to Plaintiff's Amended Motion for Continuance of Time in Which to Respond to Interrogatories and Production Requests Served by Wachovia Bank and to Postpone Depositions (Doc. 23), unless a different source is indicated.

January, 2012, after their responses were overdue, counsel for Wachovia contacted plaintiffs' counsel to inquire.  Counsel for plaintiffs requested and counsel for Wachovia agreed to an extension through February 9, 2012.

On February 7, 2012, counsel for plaintiffs learned that he must vacate his law office, where he also resides, in 13 calendar days due to a controversy between his landlord and the mortgagee of the premises.  Plaintiffs' counsel immediately began looking for new space, packing, and seeking the rescheduling of all pending matters.  On  February 8, 2012, counsel for plaintiffs requested an additional 21 day extension to respond to the interrogatories and requests for production and also asked that the depositions of his clients be rescheduled to later dates.

Counsel for Wachovia agreed to further postpone and reschedule the discovery provided: (1) the Court entered an Order requiring plaintiffs to serve their responses including all documents responsive to the interrogatories and requests for production on or before February 29, 2012; and (2) that plaintiffs' depositions be rescheduled in March, 2012.  Counsel for plaintiffs indicated that most of the suggested new deposition dates were acceptable but he requested through March 20, 2012 within to respond to the interrogatories and requests for production.  Now, in their amended motion, plaintiffs ask for an enlargement "until March 20, 2012, but any extension at all would be greatly appreciated." (Doc. 22).

The deadline within to mediate this dispute is March 16, 2012.  Wachovia does not want to go to mediation until it has deposed the plaintiffs.  The parties have yet to agree on a mediator.  The discovery cutoff is June 15, 2012, the dispositive motion

deadline is July 16, 2012, and this case is set for trial during the trial term beginning December 7, 2012.

The requirement that plaintiffs' counsel relocate on short notice was apparently, unforeseen and unavoidable by plaintiffs.  However, this does not change the fact that if plaintiffs had complied with Rules 33 and 34 of the Federal Rules of Civil Procedure they would not be in this predicament.  Wachovia should not be prejudiced on account of plaintiffs' failure to fulfill their discovery obligations.  Therefore, after due consideration, it is adjudged that:

1.    Plaintiffs have through the close of business on February 29, 2012 within to respond to each of Wachovia's interrogatories separately and fully in writing and under oath.

2.    Plaintiffs have through the close of business on February 29, 2012 within to respond separately and in writing to each of Wachovia's requests for production.  In addition, plaintiffs shall produce all of their documents simultaneously with their responses.

3.    Plaintiffs shall sit for deposition in March, 2012.  The parties shall attempt in good faith to coordinate the dates, times and locations of these depositions.  If they are unable to agree, all counsel should submit their proposed deposition schedules to the Court which will determine the schedule.  Once counsel for a party submits a proposed deposition schedule to the Court all other counsel shall have 72 hours within to respond.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on February 10, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel